UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 20-0089-JJM-PAS |
| v. | |
| MANISH KUMAR | |

**GOVERNMENT'S OBJECTION TO § 2255 MOTION**

The Government objects to the 28 U.S.C. § 2255 motion filed by Petitioner Manish Kumar ("Kumar"). Should a hearing be necessary, the Government will be moving for permission to have Kumar's prior attorneys divulge attorney-client privileged communications. However, for the reasons set forth below, a hearing is not necessary and the motion should be denied in its entirety.

**I.    Background.**

On August 27, 2019, after the filing of a criminal complaint charging wire fraud, conspiracy, and aggravated identity theft, Manish Kumar ("Kumar") was arrested and detained. (Dkt. Nos. 3 and 4; Dkt. Entry for 12/27/2019). Formal charges were brought by Information setting forth one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), four counts of wire fraud (18 U.S.C. §§ 1342, 1349), and two counts of aggravated identity theft (18 U.S.C. § 1028A). (Dkt. No. 14). Kumar waived indictment and noticed an intent to plead guilty. (Dkt. Nos. 16, 17). On November 5, 2020, Kumar pleaded guilty on all counts, and there was no plea agreement. (Dkt. Entry for 11/5/2021).

On February 12, 2021, Kumar was sentenced to 24 months of incarceration, which was the applicable mandatory minimum, and one year of supervised release. (Dkt. No. 31). Clerical error in the initial judgement, which specified a sentence of more than 24 months, was corrected after Kumar wrote the Court. (Dkt. at 3/31/2021; Dkt. Nos. 30, 31). Kumar was release from Bureau of Prisons custody on May 7, 2021. (BOP

1

Inmate Locator, https://www.bop.gov /inmateloc/ (last checked 2/3/2022)).[1]  Kumar did not appeal his conviction.

On May 12, 2021, a criminal complaint was filed against Kumar in the District of Massachusetts and an arrest warrant was issued.  (*United States v. Kumar*, 21-cr-10157 (D. Mass) at Dkt. Nos. 4, 5).  A day later, he was arrested and held.  (*Id.* at Dkt. Entry for 5/13/2021; Dkt. Nos. 13, 14)).  On May 17, 2021, Kumar was indicted on charges of conspiracy to smuggle misbranded drugs and controlled substances into the United States (18 U.S.C. § 371), conspiracy to distribute controlled substances (21 U.S.C. § 846), and false statement (18 U.S.C. § 1001).  (*Id.* at Dkt. Nos. 4, 8).   Pending disposition of this second federal matter, Kumar is being held at the Wyatt Detention Center.[2]

## II.    Legal Standard

Section 2255 of Title 28 states that a petitioner in federal custody may seek post-conviction relief if (1) "the sentenced was imposed in violation of the Constitution or laws of the United States," (2) the sentencing court lacked jurisdiction to impose the sentence, (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]"  The grounds justifying relief under § 2255 are limited, and "'a court may grant relief if it finds a lack of jurisdiction, a constitutional error, or a fundamental error of law.'"  *United States v. Santiago*, slip. op., 2021 WL 2454472, *2 (D.R.I. June 16, 2020) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  "'[A]n error of law does not provide a basis for collateral attack unless

---

[1] The Court has jurisdiction to entertain a § 2255 motion only while the petitioner is custody under a federal court's sentence.  *See* 28 U.S.C. § 2255(a); *see also United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990) (challenge to restitution order not cognizable under § 2255 because monetary fine too small to constitute significant restraint on liberty).  The custodial period include the term of supervised release.  *See Barreto-Barreto v. United States*, 551 F.3d 95, 102 & n.2 (1st Cir. 2008) (petitioner who subject to supervised release was "in custody" for § 2255 purposes).  Kumar remains in custody until at least May 7, 2022.

[2] Kumar is a convicted foreign national.  BOP presumably released him to ICE, and the Marshals, pursuant to the arrest warrant issued by the federal court in Massachusetts, seized Kumar from ICE custody.

the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994)).

As a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal. *See Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967) ("Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."). Claims substantially similar to ones previously rejected on direct appeal are also barred. *See Singleton v. United States*, 26 F.3d, 240 (1st Cir. 1994) (following *Dirring* in barring "substantially similar argument rejected on direct appeal); *United States v. Hatch*, slip. op., 2011 WL 1750706, *9 (D.R.I. May 9, 2011) (Smith, J.) (movant procedurally barred from bring in a § 2255 motion a claim "substantially similar" to a claim rejected on direct appeal).

As a general rule, a defendant may not raise a claim on collateral review that was not raised both in the district court *and* on direct appeal. *See Bucci v United States*, 662 F.3d 18, 29 (1st Cir. 2011). When a petitioner raises a claim under § 2255 that he could have raised previously, "he must show both 'cause' that excuses the procedural default and 'actual prejudice' resulting from the alleged error." *See Wilder v. United States*, 806 F3d 653, 658 (1st Cir. 2015) (citing, *inter alia*, *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To establish "actual prejudice," a petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See United States v. Frady*, 456 U.S. 152, 170 (1982). In the context of trial errors, to demonstrate actual prejudice, a petitioner would have to show a reasonable probability that the outcome of the trial would have been different but for the alleged error. *See Wilder*, 806 F.3d at 653 (citing *Stricker v. Green*, 527 U.S. 263, 289 (1999)).

The petitioner bears the burden of proof, *see Wilder*, 806 F.3d at 658, and in deciding whether petitioner has met his burden, the Court need not assign any weight

to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). Moreover, a court that presided over the petitioner's trial "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *Id.*

## III.   Argument.

### 1.   Reason 1 does not provide any basis for relief.

As his first reason for relief, Kumar sets forth seven claims, all of which he characterizes as showing prosecutorial misconduct or ineffectiveness of counsel. None of these claims withstand scrutiny.

First, Kumar claims that his attorney was ineffective because he represented two defendants in the same case, him and Himanshu Asri, and somehow obtained a better disposition for Asri by giving Kumar less priority. *See* Mot. at 13 (1.A.). This claim was not raised on direct appeal, and no cause is provided. The claim is therefore procedurally barred. Furthermore, Kumar and Asri were not co-defendants, and Asri did not receive a better sentence than Kumar. Kumar and Asri were charged separately, no codefendants are charged or named in their respective charging instruments, and the offense conduct alleged in their cases differs. *See* Kumar PSR (Dkt. No. 18 in 20-cr-98); Asri PSR (Dkt. No. 27 in 20-cr-104). Kumar was sentenced to 24 months of incarceration, while Asri was sentenced to 36 months.

Second, Kumar claims that he was entrapped and that his attorney was ineffective for failing to raise this defense. *See* Mot. at 13-14 (1.B.). This claim was not raised on direct appeal, and no cause is provided. The claim is therefore procedurally barred. Furthermore, Kumar does not set forth any reason to believe that he was entrapped. To establish entrapment one must show an element of improper coercion or overreach by the Government. *See United States v. Montoya*, 844 F.3d 63, 67 (1st Cir. 2016) ("Beyond showing that the government afforded him the opportunity to commit

the crime, the defendant must adduce evidence that the government engaged in some kind of 'overreaching conduct'" such as "intimidation, threats, relentless insistence, or excessive pressure[.]"). What Kumar describes is willing participation in criminal activity, not entrapment.

Third, Kumar claims that the charges brought against him by federal prosecutors in Massachusetts should have been charged as part of his federal case in Rhode Island. *See* Mot. at 14-15 (1.C.). There is no legal support for his claim. As a matter of prosecutorial discretion, federal prosecutors may decide what charges to bring, where to bring them, and when to bring them. *See United States v. LaBonte*, 520 U.S. 751, 762 (1997) (decision to prosecute and what charge to bring are broadly within the discretion of prosecutorial authorities); *United States v. Lovasco*, 431 U.S. 783, 791-92 (1977) (Prosecutors are generally not required to bring charges at the time that probable cause arises or even when they are satisfied of their ability to prove their case beyond a reasonable doubt). Those same broad principles of prosecutorial discretion permit federal prosecutors in Rhode Island to charge one set of offenses here and other federal prosecutors in Massachusetts to charge a different set of offenses there. *See id.* Kumar also claims that he believed that after he was charged in Rhode Island no other charges would be federally brought against him. *See* Mot. at 15. Nothing in the record lends any reason for his belief. He pleaded without the benefit of a plea agreement. Nothing said during the change of plea hearing gave any reason to believe that the Government was barred from prosecuting him for other, separate crimes. Furthermore, at sentencing, the Government specified that Kumar was subject to a separate investigation being conducted by federal authorities in Massachusetts and that charges by federal prosecutors in Massachusetts were a possibility. The Court also expressly warned Kumar that other charges might be coming. Finally, to the extent that Kumar is claiming that prosecutorial vindictiveness bars the Massachusetts charges, the appropriate forum for that argument is the federal district court in Massachusetts.

Fourth, Kumar claims that the additional federal charges brought in Massachusetts are retribution for his seeking correction of his sentence. *See* Mot. at 15-16 (1.D.). Again, to the extent that Kumar is claiming prosecutorial vindictiveness, the appropriate forum for that claim is the federal court in Massachusetts, the court before which the additional charges are pending. Kumar's claim is also based on an unsubstantiated assumption: that a federal prosecutor in Rhode Island could direct or make a federal prosecutor in another district bring charges. Kumar cannot carry his burden with this sort of self-serving speculation.

Fifth, Kumar claims that he was entitled to a downward departure and that his attorney was ineffective for failing to argue for a downward departure. *See* Mot. at 16 (1.E.). This claim was not raised on direct appeal, and no cause is provided. The claim is therefore procedurally barred. Furthermore, contrary to Kumar's representation, his attorney did argue for a downward departure. At a sidebar that preceded the Zoom sentencing hearing, Kumar's counsel, Kensley Barrett, noted that although he had been advised that the Government would not be seeking a downward departure, he felt one was warranted. He noted that his client had met with the Government on multiple occasions and that the substance conveyed at those meetings warranted a downward departure. The Government in turn argued that Kumar did not provide information warranting a downward departure because Kumar refused to provide key information.

Sixth, Kumar claims that animus drove the Government's decision not to recommend a downward departure. *See* Mot. at 16-17 (1.F.). This claim was not raised on direct appeal, and no cause is provided. The claim is therefore procedurally barred. As described above, the record of proceedings contradicts Kumar. The Government explained its basis: Kumar did not provide any information that warranted downward departure.

Seventh, Kumar claims that the Government did not provide the plea terms he wanted and complains about the course of plea negotiations. *See* Mot. at 17 (1.G.). This

claim was not raised on direct appeal, and no cause is provided.  The claim is therefore procedurally barred.  Furthermore, there is no prejudice.  Kumar notes that a 24-month term of incarceration was acceptable to him.  The Court sentenced him to that very term.

### 2.    Reasons 2-6 do not provide any basis for relief.

Kumar claims that his Guidelines range was incorrectly calculated.  *See* Mot. at 17-19.  He argues that there was insufficient evidence that a substantial part of the offense occurred outside the United States, that he used mass-marketing to commit his crime, and that he abused a position of trust.  *See id.* at 17-18.  He argues that the loss calculation was flawed and that his attorney did not adequately discuss the PSR with him in advance of sentencing.  *See id.* at 18-19.  These claims were not raised on direct appeal, and no cause is provided.  The claims are therefore procedurally barred.  Furthermore, Kumar cannot demonstrate prejudice.  He was sentenced to the applicable mandatory minimum, an outcome unaffected by his guidelines score.

### 3.    Reason 7 does not provide any basis for relief.

Kumar claims that his attorney was ineffective because he did not contest imposition of restitution.  *See* Mot. at 19.  This claim was not raised on direct appeal, and no cause is provided.  The claim is therefore procedurally barred.  This claim is also not cognizable as a § 2255 ground for relief.  *See United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990) (challenge to restitution order not cognizable under § 2255 because monetary fine too small to constitute a significant restraint on liberty); *Mamone v. United States*, 559 F3d 1209, 1210-11 (11th Cir. 2009) (challenge to restitution order not cognizable under § 2255).   Furthermore, Kumar cannot show prejudice.  He has not suffered any custodial consequence as a result of the restitution order.

### 4.    Reason 8 does not provide any basis for relief.

Kumar claims that he was incorrectly advised about the duration of his sentence.  *See* Mot. at 20.  He says he was led to believe that his sentence was 24 months but then

learned from another attorney that it was much longer. *See id.* There was no prejudice because that longer sentence, which was issued in error, was corrected by the Court and brought down to 24 months.

**5.      Reason 9 does not provide any basis for relief.**

Kumar claims that he was not present in person for his sentencing. *See* Mot. at 20. At the start of the sentencing proceeding, Kumar waived his right to an in-person sentencing. Moreover, he cannot show any prejudice. He was sentenced to the mandatory minimum term and no more.

<div style="margin-left:40%">

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

RICHARD B. MYRUS
Acting United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov

</div>

<div style="text-align:center">

**CERTIFICATE OF SERVICE**

</div>

On this 4th day of February 2022, I filed the above response using the Court's electronic filing system, and a copy of the response was mailed by first class mail to Manish Kumar, No. 837630-53, Wyatt Detention Center, Central Falls, Rhode Island 02863.

<div style="margin-left:40%">

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov

</div>