UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>MANISH KUMAR,                            )<br>          Defendant.                      )<br>                            ) | CR. No. 20-89-JJM-PAS |

ORDER

Manish Kumar has petitioned this Court under 28 U.S.C. § 2255 to vacate his judgment of conviction, entered after he pleaded guilty to a multi-count Information involving wire fraud. After a review of the entire record, the Court DENIES the Motion to Vacate. ECF No. 36.

I. FACTS

Police arrested and detained Manish Kumar on a criminal complaint charging wire fraud, conspiracy, and aggravated identity theft. ECF Nos. 3, 4. The Government filed an Information setting forth one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), four counts of wire fraud (18 U.S.C. §§ 1342, 1349), and two counts of aggravated identity theft (18 U.S.C. § 1028A). ECF No. 14. Mr. Kumar waived indictment and noticed an intent to plead guilty. ECF Nos. 16, 17. Mr. Kumar pleaded guilty on all counts and the Court sentenced him to 24 months and


one day of incarceration, and one year of supervised release.[1]  ECF No. 31.  Mr. Kumar did not appeal his conviction.[2]

The Bureau of Prisons released Mr. Kumar from custody on May 7, 2021.  A few days later, a grand jury indicted Mr. Kumar on new separate charges of conspiracy to smuggle misbranded drugs and controlled substances into the United States, conspiracy to distribute controlled substances, and false statement.

Mr. Kumar has now moved to vacate his judgment of conviction (ECF No. 36), the Government responded (ECF No. 39), and Mr. Kumar replied.  ECF No. 40.

II. <u>LAW</u>

   A.   Section 2255

Section 2255 provides for post-conviction relief if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  In trying collaterally to attack his sentence, the petitioner bears the burden of proving "exceptional circumstances" that call for redress under § 2255.  *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir.

---

[1] This was the lowest sentence the Court could impose because Mr. Kumar plead guilty to aggravated identity theft that requires a consecutive mandatory two-year sentence.  His guideline range called for a much higher sentence - 39 to 45 months total.

[2] The Court corrected a clerical error in the initial judgment, which specified a sentence of more than 24 months, after Mr. Kumar wrote the Court.  ECF Nos. 30, 31.

1980). For example, an error of law must be a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

### B.   Procedural Default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

"Cause" consists of "some objective factor external to the defense[.]" *Carrier*, 477 U.S. at 488; *see also Coleman*, 501 U.S. at 753 (noting that, in *Carrier*, "[w]e explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him"). To show "prejudice," the "habeas petitioner must show 'not merely that the errors ... created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (alteration in original); *see also Derman v. United States*, 298 F.3d 34, 45 (1st Cir. 2002) ("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability that the result of the trial would have been different absent the error.") (internal

3

citations and quotation marks omitted). The petitioner must show both cause and prejudice. *Carrier*, 477 U.S. at 494; *Derman*, 298 F.3d at 45 (noting that petitioner bears burden of showing both cause and prejudice).

The "actual innocence" standard established by the Supreme Court in *Carrier* "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). To show the requisite probability, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

### C. Post-Guilty Plea

The Supreme Court has severely limited a petitioner's ability to attack collaterally a conviction based on a knowing and voluntary plea. *Id.* at 621 (a defendant cannot collaterally attack a voluntary and intelligent guilty plea made by a defendant advised by competent counsel).

> [The United States Supreme Court] ha[s] strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel,

4

> may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.

*Id.* (internal citations and quotation marks omitted); *see also Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("It is a bedrock principle that, under ordinary circumstances, the voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent that, the plea has been challenged on direct appeal.").

### III. ANALYSIS

Mr. Kumar raises multiple reasons why this Court should vacate his judgment of conviction. The first reason involves allegations of prosecutorial misconduct and ineffective assistance of counsel. As stated above a defendant generally may not raise a claim on collateral review that they did not raise in both the district court and on direct appeal. *See Bucci v United States*, 662 F.3d 18, 29 (1st Cir. 2011).

Mr. Kumar filed no direct appeal. Thus, he has procedurally defaulted on most of his claims. *Bousley*, 523 U.S. at 621; *Oakes*, 400 F.3d at 95 ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."). Nor did he raise these substantive objections before or during his plea. Mr. Kumar's motion could go forward despite his default if he can show either "(i) that there is cause for the default and actual prejudice resulting from it, or (ii) that he is actually innocent of the offense of conviction." *Oakes*, 400 F.3d at 95; *see also Bousley*, 523 U.S. at 622. Mr. Kumar has not shown the "cause" or "prejudice" needed to excuse his procedural default in

5

not raising any of these issues before or during his plea proceeding or on direct appeal. As applied in the context of a guilty plea, determining prejudice turns on whether there is a reasonable probability that Mr. Kumar would have insisted on going to trial rather than pleading guilty had he known about these issues at the time of his plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Such is not the case here. Mr. Kumar received the lowest possible sentence of his conviction.

Moreover, Mr. Kumar does not argue that he can establish "actual innocence." He has supplied no "new evidence" of his innocence, as required by the Supreme Court. *See Schlup*, 513 U.S. at 324. Mr. Kumar has supplied no evidence that he is *factually* innocent of these crimes.

As to any remaining non-defaulted claims that Mr. Kumar now raises, there is no merit.[3]

## CONCLUSION

Mr. Kumar's claim has been procedurally defaulted or are otherwise meritless. The Court therefore DENIES the Motion to Vacate his conviction. ECF No. 36.

## RULING ON CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court finds that this case is <u>not</u> appropriate for issuing a certificate of appealability, because Mr. Kumar has failed to

---

[3] The issues Mr. Kumar raises based on the second indictment are appropriately brought in the District of Massachusetts in that case.

6

make a substantial showing of the denial of a constitutional right on any claim, as required by 28 U.S.C. § 2253(c)(2).

The Court advises Mr. Kumar that any motion to reconsider this ruling will not extend the time to file a notice of appeal here. *See* § 2255 Rule 11(a).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

Date: February 23, 2022