APPEAL,CLOSED

# U.S. District Court
## District of Rhode Island (Providence)
## CRIMINAL DOCKET FOR CASE #: <u>1:20−cr−00089−JJM−PAS−1</u>

Case title: USA v. Kumar

Related  Case:   1:21−cv−00467−JJM
Magistrate judge case number:  1:19−mj−00069−PAS

Date Filed: 10/21/2020

Date Terminated: 02/12/2021

Assigned to: Chief Judge John J. McConnell, Jr.
Referred to: Magistrate Judge Patricia A. Sullivan

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Manish Kumar** <br> *TERMINATED: 02/12/2021* | represented by | **Manish Kumar** <br> 837630−53 <br> Wyatt W. Detention Facility <br> 950 High St <br> Central Falls, RI 02863 <br> PRO SE |

**Joanne M. Daley**
RI Federal Public Defender's Office
10 Weybosset Street
Suite 300
Providence, RI 02903
401−528−4281 (ex. 13)
Email: joanne_daley@fd.org
*TERMINATED: 10/21/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Kensley R. Barrett**
Marin & Barrett, Inc.
1000 Chapel View Blvd
Suite 260
Cranston, RI 02920
401−380−6724
Fax: 4016790122
Email: kb@marinbarrettlaw.com

1

*TERMINATED: 03/18/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Melissa Larsen**
Melissa Larsen, Esq.
1130 Ten Rod Road
Ste F−203
North Kingstown, RI 02852
401−218−0862
Fax: 401−489−7541
Email: melissa@larsenlawri.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1349 − CONSPIRACY TO COMMIT WIRE FRAUD (1) | Court imposes 1 day as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. |
| 18:1343 AND 1349 − WIRE FRAUD (2−5) | Court imposes 1 day as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. |
| 18:1028A(a)(1) − AGGRAVATED IDENTITY THEFT (6−7) | Court imposes 1 day as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |

| | |
|---|---|
| 18:1343, 18:1349, 18:1028A − WIRE FRAUD (INCLUDING ATTEMPT); CONSPIRACY TO COMMIT WIRE FRAUD; and AGGRAVATED IDENTITY THEFT | Court imposes time served as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Milind M Shah** U.S. Attorney's Office 50 Kennedy Plaza 8th Floor Providence, RI 02903 401−709−5039 Email: milind.shah@usdoj.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/23/2019 | 1 | | MOTION to Seal Case by USA as to Manish Kumar.(Noel, Jeannine) [1:19−mj−00069−PAS] (Entered: 08/23/2019) |
| 08/23/2019 | 2 | | ORDER granting 1 Motion to Seal Case as to Manish Kumar (1). So Ordered by Magistrate Judge Patricia A. Sullivan on 8/23/2019.(Noel, Jeannine) [1:19−mj−00069−PAS] (Entered: 08/23/2019) |
| 08/23/2019 | 3 | | COMPLAINT as to Manish Kumar (1). (Attachments: # 1 Affidavit, # 2 Criminal Cover Sheet)(Noel, Jeannine) [1:19−mj−00069−PAS] (Entered: 08/23/2019) |
| 08/27/2019 | | | Arrest of Manish Kumar (Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/27/2019) |
| 08/27/2019 | 5 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Manish Kumar Joanne M. Daley for Manish Kumar appointed.. So Ordered by Magistrate Judge Patricia A. Sullivan on 8/27/2019. (Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/27/2019) |
| 08/27/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan:Initial Appearance as to Manish Kumar held on 8/27/2019, Detention Hearing as to Manish Kumar held on 8/27/2019. Milind Shah for the government; Joanne Daley for the defendant; Shannon Finneran for probation. Court informs defendant of his rights, appoints FPD on his behalf, and informs defendant of pending charges; Defendant waives preliminary hearing and the Court accepts the waiver; Government requests detention; Defendant not contesting detention at this time; Court orders defendant detained; Defendant remanded into custody.(Court Reporter FTR−Recording in Courtroom B at 3:11.)(Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/27/2019) |
| 08/27/2019 | 6 | | WAIVER of Preliminary Hearing by Manish Kumar; accepted by Magistrate Judge Sullivan. (Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/27/2019) |

3

| 08/27/2019 | 7 | | ORDER OF DETENTION as to Manish Kumar. So Ordered by Magistrate Judge Patricia A. Sullivan on 8/27/2019.(Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/27/2019) |
|---|---|---|---|
| 08/28/2019 | 8 | | Arrest Warrant Returned Executed on 8/25/2019. in case as to Manish Kumar. (Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 08/28/2019) |
| 09/17/2019 | 9 | | NOTICE OF ATTORNEY APPEARANCE: Kensley R. Barrett appearing for Manish Kumar (Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 09/17/2019) |
| 10/21/2020 | 12 | | MOTION to Partially Unseal Case by USA as to Manish Kumar.(Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 10/21/2020) |
| 10/21/2020 | 13 | | ORDER granting 12 Motion toPartially Unseal Case as to Manish Kumar (1). So Ordered by Magistrate Judge Patricia A. Sullivan on 10/21/2020.(Saucier, Martha) [1:19−mj−00069−PAS] (Entered: 10/21/2020) |
| 10/21/2020 | 14 | | INFORMATION as to Manish Kumar (1) count(s) 1, 2−5, 6−7. (Attachments: # 1 Criminal Cover Sheet, # 2 Proposed Waiver of Indictment)(Noel, Jeannine) (Entered: 10/21/2020) |
| 10/21/2020 | | | CASE CONDITIONALLY ASSIGNED to Chief Judge John J. McConnell, Jr.. Related Case Number CR20−67JJM and CR20−73JJM based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Noel, Jeannine) (Entered: 10/21/2020) |
| 10/21/2020 | 16 | | NOTICE OF INTENT TO PLEAD GUILTY by Manish Kumar.(Barrett, Kensley) (Entered: 10/21/2020) |
| 10/21/2020 | | | **NOTICE OF HEARING DEFENDANT REQUEST** as to Manish Kumar: VIDEO Arraignment and Change of Plea Hearing set for Thursday, 11/5/2020 at 09:00 AM before Chief Judge John J. McConnell, Jr.; Zoom instructions will be provided to counsel of record. Public access information may be obtained on the Court's website(Barletta, Barbara) (Entered: 10/21/2020) |
| 11/05/2020 | 17 | | WAIVER OF INDICTMENT by Manish Kumar (McGuire, Vickie) (Entered: 11/05/2020) |
| 11/05/2020 | | | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.:Arraignment as to Manish Kumar (1) Count 1,2−5,6−7 held on 11/5/2020, Change of Plea Hearing as to Manish Kumar held on 11/5/2020, Plea entered by Manish Kumar (1) Guilty Count 1,2−5,6−7. Defendant sworn. Court advises Defendant of the right to appear in person; Defendant consents to appear via video. Arraignment:Court informs Defendant of his rights and pending charges; Kensley Barrett retained as attorney. Defendant understands rights and the charges. Defendant waives indictment and Court accepts waiver. Defendant consents to e−signature of waiver. Change of Plea:Milind Shah for Government. Kensley Barrett for Defendant. Court verifies that the Defendant has reviewed the charges with his attorney. Court questions Defendant and reviews maximum penalties, sentencing guidelines, and constitutional rights. Government outlines the legal elements and facts of the case. Defendant agrees with Government's outline. Defendant pleads guilty to Counts 1−7. Court accepts plea & adjudges defendant guilty. Sentencing Hearing is January 20, 2021 at 10:00am. Defendant remanded. Court adjourned. (Court Reporter Karen Wischnowsky in Courtroom |

4

| | | | |
|---|---|---|---|
| | | | Zoom Video at 9:00am.)(McGuire, Vickie) (Entered: 11/05/2020) |
| 11/20/2020 | | | **NOTICE OF HEARING DEFENDANT REQUEST** as to Manish Kumar. Sentencing set for 1/20/2021 at 10:00 AM in Zoom Remote Hearing before Chief Judge John J. McConnell, Jr.(McGuire, Vickie) (Entered: 11/20/2020) |
| 01/13/2021 | 19 | | TRANSCRIPT ORDER for proceedings held on 11/5/2020 before Judge McConnell. 3−Day Transcript Selected. Transcript to be delivered within 3 calendar days. (Shah, Milind) (Entered: 01/13/2021) |
| 01/13/2021 | 20 | | MOTION to Continue *("Government's Motion to Continue Sentencing")* by USA as to Manish Kumar. **Responses due by 1/27/2021.**(Shah, Milind) (Entered: 01/13/2021) |
| 01/13/2021 | | | TEXT ORDER granting 20 Motion to Continue Sentencing as to Manish Kumar (1)− So Ordered by Chief Judge John J. McConnell, Jr. on 1/13/2021.(Barletta, Barbara) (Entered: 01/13/2021) |
| 01/13/2021 | | | **REVISED NOTICE OF HEARING DEFENDANT REQUEST** as to Manish Kumar: VIDEO Sentencing hearing is **RESCHEDULED** to Monday, 2/8/2021 at 10:00 AM before Chief Judge John J. McConnell, Jr.(Zoom Meeting ID: 1606521631, Passcode: 803692) (Barletta, Barbara) (Entered: 01/13/2021) |
| 01/13/2021 | 21 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 19 Transcript Order. Court Reporter/Transcriber: Karen Wischnowsky (Dias, Jennifer) (Entered: 01/13/2021) |
| 01/14/2021 | | | **REVISED NOTICE OF HEARING DEFENDANT REQUEST** as to Manish Kumar: VIDEO Sentencing hearing set for Monday, 2/8/2021 at 11:00 AM before Chief Judge John J. McConnell, Jr.; **PLEASE NOTE TIME CHANGE**(Zoom Meeting ID: 1606521631, Passcode: 803692) (Barletta, Barbara) (Entered: 01/14/2021) |
| 01/19/2021 | 22 | | TRANSCRIPT of Arraignment and Change of Plea Hearing as to Manish Kumar held on November 5, 2020, before Chief Judge John J. McConnell, Jr. Court Reporter Karen Wischnowsky, Telephone number (401) 529−7406. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option** Redaction Request due 2/9/2021. Redacted Transcript Deadline set for 2/19/2021. Release of Transcript Restriction set for 4/19/2021. (Wischnowsky, Karen) (Entered: 01/19/2021) |
| 02/03/2021 | | | **REVISED NOTICE OF HEARING DEFENDANT REQUEST** as to Manish Kumar: Sentencing hearing is **RESCHEDULED** to Thursday, 2/11/2021 at 02:00 PM before Chief Judge John J. McConnell, Jr.(Zoom Meeting ID: 1606521631, Passcode: 803692) (Barletta, Barbara) (Entered: 02/03/2021) |
| 02/07/2021 | 25 | | SENTENCING MEMORANDUM by Manish Kumar (Attachments: # 1 Supplement Letter of Support, # 2 Supplement Letter of Support, # 3 Supplement Letter of Support, # 4 Supplement Letter of Support, # 5 |

| | | | |
|---|---|---|---|
| | | | Supplement Letter of Support, # 6 Supplement Letter of Support, # 7 Supplement Letter of Support, # 8 Supplement Letter of Support)(Barrett, Kensley) (Entered: 02/07/2021) |
| 02/10/2021 | 26 | | SENTENCING MEMORANDUM by USA as to Manish Kumar (Shah, Milind) (Entered: 02/10/2021) |
| 02/11/2021 | | | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.:Sentencing held on 2/11/2021 for Manish Kumar (1), 1, 2−5, 6−7. Milind Shah for Government. Kensley Barrett for Defendant. Andrea Edgar & Molly Picozzi for Probation. Court advises defendant of his right to appear in person; Defendant waives his right and consents to appearance by video; Defendant has reviewed PSR with his attorney. Court sets forth the sentencing guidelines in this case. Defendant objects to certain enhancements. Court overrules objection. Government and Defendant present sentencing recommendations. Defendant allocutes. Court imposes time served as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. Defendant remanded. Court adjourned. (Court Reporter Karen Wischnowsky in Courtroom Zoom Video at 2:30pm.)(McGuire, Vickie) (Entered: 02/11/2021) |
| 02/12/2021 | 27 | | JUDGMENT as to Manish Kumar (1), Count(s) 1, 2−5, 6−7, Court imposes time served as to Counts 1−5; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. − So Ordered by Chief Judge John J. McConnell, Jr. on 2/12/2021.(McGuire, Vickie) (Entered: 02/12/2021) |
| 03/15/2021 | 29 | | MOTION to Appoint Counsel by Manish Kumar. **Responses due by 3/29/2021.**(Potter, Carrie) (Entered: 03/15/2021) |
| 03/18/2021 | | | Attorney update in case as to Manish Kumar. Attorney Melissa Larsen for Manish Kumar added. Attorney Kensley R. Barrett terminated. (Simoncelli, Michael) (Entered: 03/18/2021) |
| 03/18/2021 | | | TEXT ORDER granting 29 Motion to Appoint Counsel as to Manish Kumar: Melissa Larsen, Esq. is hereby appointed pursuant to 18 USC §3006A(a)(1) and (c) to represent Manish Kumar for the purpose of assisting the defendant in making a request for compassionate release directly with the Bureau of Prisons and presenting a motion for compassionate release to the Court. The Court finds that the defendant is financially eligible for Court−appointed counsel under the Criminal Justice Act. Appointed counsel shall assist Mr. Kumar with making a request directly to the Bureau of Prisons for compassionate release, and file a motion for compassionate release with the Court as soon as practicable. The Government shall file any response 10 days after defense counsel's motion is filed. So Ordered by Chief Judge John J. McConnell, Jr. on 3/18/2021.(Simoncelli, Michael) (Entered: 03/18/2021) |
| 03/24/2021 | 30 | | Letter from Manish Kumar (Potter, Carrie) (Entered: 03/24/2021) |
| 03/25/2021 | | | NOTICE OF HEARING as to Manish Kumar: ZOOM Chambers Conference set for Wednesday, 3/31/2021 at 02:00 PM before Chief Judge John J. McConnell, Jr.; (Barletta, Barbara) (Entered: 03/25/2021) |

| 03/31/2021 | | | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.:Zoom Conference as to Manish Kumar held on 3/31/2021; Milind Shah, Kensley Barrett, Melissa Larsen, Andrea Edgar and Kristin Mattias participated. (Barletta, Barbara) (Entered: 03/31/2021) |
| --- | --- | --- | --- |
| 03/31/2021 | | | TEXT ORDER: Pursuant to Fed. R. Crim. P. 36, the Court has determined, after notice to all parties, that it needs to correct a clerical error in a judgment 27 . The Court inadvertently stated that the sentence was "24 months as to Counts 6 & 7, concurrently with each other and consecutive to Counts 1−5; time served as to Counts 1−5." Instead the sentence the Court imposed for imprisonment was "24 months as to Counts 6 & 7, concurrently with each other and consecutive to Counts 1−5; one day as to Counts 1−5, concurrently with each other." The Court will file an Amended Judgment consist with this Order and the actual sentence imposed. − So Ordered by Chief Judge John J. McConnell, Jr. on 3/31/2021.(Barletta, Barbara) (Entered: 03/31/2021) |
| 04/01/2021 | 31 | | AMENDED JUDGMENT as to Manish Kumar (1), Count(s) 1, 2−5, 6−7, Court imposes 1 day as to Counts 1−5 concurrent with each other; 24 months as to Counts 6 & 7, concurrent with each other and consecutive to Counts 1−5. 1 year of supervised release, concurrent. A $700 special assessment. Restitution in the amount of $5000. − So Ordered by Chief Judge John J. McConnell, Jr. on 4/1/2021.(McGuire, Vickie) (Entered: 04/01/2021) |
| 06/01/2021 | 33 | | Letter from Manish Kumar (Attachments: # 1 Envelope) (Potter, Carrie) (Entered: 06/01/2021) |
| 06/04/2021 | 34 | | Judgment Returned Executed as to Manish Kumar on 3/24/2021. (Potter, Carrie) (Entered: 06/04/2021) |
| 08/18/2021 | 35 | | MOTION to Appoint Counsel by Manish Kumar. **Responses due by 9/1/2021.** (Attachments: # 1 Envelope)(DaCruz, Kayla) (Entered: 08/18/2021) |
| 08/21/2021 | | | TEXT ORDER denying 35 Motion to Appoint Counsel as to Manish Kumar (1). The Clerk is directed to forward Mr. Kumar forms to file a Motion to Vacate, Set Aside, or Correct a Sentence under 28 USC 2255. So Ordered by Chief Judge John J. McConnell, Jr. on 8/21/2021.(Simoncelli, Michael) (Entered: 08/21/2021) |
| 11/29/2021 | 36 | | MOTION to Vacate under 28 U.S.C. 2255 by Manish Kumar. **Responses due by 12/13/2021.** (Attachments: # 1 Envelope)(Kenny, Meghan) Civil case 1:21−cv−00467−JJM opened. (Entered: 11/29/2021) |
| 12/10/2021 | 37 | | MOTION to Continue by USA as to Manish Kumar. **Responses due by 12/27/2021.**(Shah, Milind) (Entered: 12/10/2021) |
| 12/13/2021 | | | TEXT ORDER granting 37 Motion to Extend Time to respond to 36 Motion to Vacate as to Manish Kumar (1) up to and including 1/31/22. So Ordered by Chief Judge John J. McConnell, Jr. on 12/13/2021.(Jackson, Ryan) (Entered: 12/13/2021) |
| 01/28/2022 | 38 | | MOTION to Continue by USA as to Manish Kumar. **Responses due by 2/11/2022.**(Shah, Milind) (Entered: 01/28/2022) |
| 01/31/2022 | | | TEXT ORDER granting 38 Motion to Continue/Extending Time to Respond as to Manish Kumar (1) to 36 MOTION to Vacate under 28 U.S.C. 2255 up to and includin 2/4/22. So Ordered by Chief Judge John J. McConnell, Jr. on |

7

| | | | |
|---|---|---|---|
| | | | 1/31/2022.(Jackson, Ryan) (Entered: 01/31/2022) |
| 02/04/2022 | 39 | | RESPONSE In Opposition to by USA as to Manish Kumar re 36 MOTION to Vacate under 28 U.S.C. 2255 *("Government's Objection to § 2255 Motion")* **Replies due by 2/11/2022.** (Shah, Milind) (Entered: 02/04/2022) |
| 02/18/2022 | 40 | | REPLY to RESPONSE re 39 RESPONSE In Opposition by Manish Kumar. (Attachments: # 1 Envelope) (DaCruz, Kayla) Modified on 2/18/2022 to correct docket text(DaCruz, Kayla). (Entered: 02/18/2022) |
| 02/23/2022 | 41 | | ORDER denying 36 Motion to Vacate (2255) as to Manish Kumar (1). So Ordered by Chief Judge John J. McConnell, Jr. on 2/23/2022.(Jackson, Ryan) Civil Case 1:21−cv−00467−JJM closed. (Entered: 02/23/2022) |
| 03/08/2022 | 42 | | MOTION for Reconsideration re 41 Order on Motion to Vacate (2255) by Manish Kumar. **Responses due by 3/22/2022.** (Attachments: # 1 Envelope)(Kenny, Meghan) (Entered: 03/08/2022) |
| 03/09/2022 | | | TEXT ORDER denying 42 Motion for Reconsideration re 41 Order on Motion to Vacate (2255) filed by Manish Kumar. So Ordered by Chief Judge John J. McConnell, Jr. on 3/9/2022.(Jackson, Ryan) (Entered: 03/09/2022) |
| 03/14/2022 | 44 | | Letter from Manish Kumar. Clerk's Office mailed copy of docket sheet, 2 copies of transcript order form. (Attachments: # 1 Envelope) (Entered: 03/14/2022) |
| 03/24/2022 | 45 | | TRANSCRIPT ORDER for proceedings held on 02/11/2021 and 03/31/2021 before Judge John J. McConnell. Expedited Transcript selected. Transcript to be delivered within 7 days calendar days. (Attachments: # 1 Envelope)(Kenny, Meghan) (Entered: 03/24/2022) |
| 03/24/2022 | 46 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 45 Transcript Order,. Court Reporter/Transcriber: Karen Wischnowsky (Dias, Jennifer) (Entered: 03/24/2022) |
| 04/01/2022 | 47 | | MOTION to Appoint Counsel by Manish Kumar. **Responses due by 4/15/2022.** (Attachments: # 1 Envelope)(Kenny, Meghan) (Entered: 04/01/2022) |
| 04/12/2022 | | | TEXT ORDER denying 47 Motion to Appoint Counsel as to Manish Kumar (1): The defendants 47 Motion for an Appointment of New Counsel is DENIED. The Court hereby treats the Defendants Motion for Appointment of Counsel as a Notice of Appeal, and the Clerk is hereby directed to docket it as such. Any renewed request for an appointment of counsel should be directed to and filed with the First Circuit. So Ordered by Chief Judge John J. McConnell, Jr. on 4/12/2022.(Jackson, Ryan) (Entered: 04/12/2022) |
| 04/12/2022 | 48 | | NOTICE OF APPEAL by Manish Kumar as to 41 ORDER denying 36 Motion to Vacate (2255)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 5/12/2022. (Kenny, Meghan) Modified 04/12/22 to edit docket text (Kenny, Meghan) (Entered: 04/12/2022) |

RECEIVED

APR 0 1 2022

U.S. DISTRICT COURT
DISTRICT OF R.I.

To,

Honorable Court,

Case No: 1:20-CR-00089-JJM-PAS

Defendant Name: Manish Kumar

## **Motion for the Appointment of New Counsel**.

I request the court for the appointment of a new counsel to appeal my sentence to the first circuit appeals court. As my motion to vacate or reduce the sentence got denied and motion to reconsider also denied. I don't know how to proceed further and where to appeal my issues which I was prejudiced. I believe if my issues will be herd by appeal court judges I will receive some sort of relief otherwise I will be believed justice was not served and the only reason would be I am an immigrant and have lack of knowledge about the American judicial proceedings and I was not helped properly by the court.

I politely request the court to please assign me an appeals court attorney who will help me bring my claims to the appeals court.

Respectfully

Manish Kumar

Date: MARCH 28 2022

9

MANISH KUMAR
#83163033
WYATT DETENTION FACILITY
950 HIGH ST
CENTRAL FALL, RI
02863

PROVIDENCE RI 028
29 MAR 2022 PM 5 L


FOREVER / USA

TO
CLER OF COURT
1 EXCHANGE TERRACE
PROVIDENCE, RI
02903

02903-172099

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 20-89-JJM-PAS |
| | ) | |
| MANISH KUMAR, | ) | |
| Defendant. | ) | |

## ORDER

Manish Kumar has petitioned this Court under 28 U.S.C. § 2255 to vacate his judgment of conviction, entered after he pleaded guilty to a multi-count Information involving wire fraud. After a review of the entire record, the Court DENIES the Motion to Vacate. ECF No. 36.

I.   FACTS

Police arrested and detained Manish Kumar on a criminal complaint charging wire fraud, conspiracy, and aggravated identity theft. ECF Nos. 3, 4. The Government filed an Information setting forth one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), four counts of wire fraud (18 U.S.C. §§ 1342, 1349), and two counts of aggravated identity theft (18 U.S.C. § 1028A). ECF No. 14. Mr. Kumar waived indictment and noticed an intent to plead guilty. ECF Nos. 16, 17. Mr. Kumar pleaded guilty on all counts and the Court sentenced him to 24 months and

one day of incarceration, and one year of supervised release.[1]   ECF No. 31.   Mr. Kumar did not appeal his conviction.[2]

The Bureau of Prisons released Mr. Kumar from custody on May 7, 2021.  A few days later, a grand jury indicted Mr. Kumar on new separate charges of conspiracy to smuggle misbranded drugs and controlled substances into the United States, conspiracy to distribute controlled substances, and false statement.

Mr. Kumar has now moved to vacate his judgment of conviction (ECF No. 36), the Government responded (ECF No. 39), and Mr. Kumar replied.  ECF No. 40.

## II.   LAW

### A.   Section 2255

Section 2255 provides for post-conviction relief if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).   In trying collaterally to attack his sentence, the petitioner bears the burden of proving "exceptional circumstances" that call for redress under § 2255.  *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir.

---

[1] This was the lowest sentence the Court could impose because Mr. Kumar plead guilty to aggravated identity theft that requires a consecutive mandatory two-year sentence.  His guideline range called for a much higher sentence - 39 to 45 months total.

[2] The Court corrected a clerical error in the initial judgment, which specified a sentence of more than 24 months, after Mr. Kumar wrote the Court.  ECF Nos. 30, 31.

2

1980).  For example, an error of law must be a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

### B.    Procedural Default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

"Cause" consists of "some objective factor external to the defense[.]" *Carrier*, 477 U.S. at 488; *see also Coleman*, 501 U.S. at 753 (noting that, in *Carrier*, "[w]e explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him").  To show "prejudice," the "habeas petitioner must show 'not merely that the errors ... created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (alteration in original); *see also Derman v. United States*, 298 F.3d 34, 45 (1st Cir. 2002) ("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability that the result of the trial would have been different absent the error.") (internal

citations and quotation marks omitted). The petitioner must show both cause and prejudice. *Carrier*, 477 U.S. at 494; *Derman*, 298 F.3d at 45 (noting that petitioner bears burden of showing both cause and prejudice).

The "actual innocence" standard established by the Supreme Court in *Carrier* "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). To show the requisite probability, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

C.    Post-Guilty Plea

The Supreme Court has severely limited a petitioner's ability to attack collaterally a conviction based on a knowing and voluntary plea. *Id.* at 621 (a defendant cannot collaterally attack a voluntary and intelligent guilty plea made by a defendant advised by competent counsel).

> [The United States Supreme Court] ha[s] strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel,

4

> may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.

*Id.* (internal citations and quotation marks omitted); *see also Oakes v. United States,* 400 F.3d 92, 95 (1st Cir. 2005) ("It is a bedrock principle that, under ordinary circumstances, the voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent that, the plea has been challenged on direct appeal.").

## III.   ANALYSIS

Mr. Kumar raises multiple reasons why this Court should vacate his judgment of conviction. The first reason involves allegations of prosecutorial misconduct and ineffective assistance of counsel. As stated above a defendant generally may not raise a claim on collateral review that they did not raise in both the district court and on direct appeal. *See Bucci v United States,* 662 F.3d 18, 29 (1st Cir. 2011).

Mr. Kumar filed no direct appeal. Thus, he has procedurally defaulted on most of his claims. *Bousley,* 523 U.S. at 621; *Oakes,* 400 F.3d at 95 ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."). Nor did he raise these substantive objections before or during his plea. Mr. Kumar's motion could go forward despite his default if he can show either "(i) that there is cause for the default and actual prejudice resulting from it, or (ii) that he is actually innocent of the offense of conviction." *Oakes,* 400 F.3d at 95; *see also Bousley,* 523 U.S. at 622. Mr. Kumar has not shown the "cause" or "prejudice" needed to excuse his procedural default in

not raising any of these issues before or during his plea proceeding or on direct appeal. As applied in the context of a guilty plea, determining prejudice turns on whether there is a reasonable probability that Mr. Kumar would have insisted on going to trial rather than pleading guilty had he known about these issues at the time of his plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Such is not the case here. Mr. Kumar received the lowest possible sentence of his conviction.

Moreover, Mr. Kumar does not argue that he can establish "actual innocence." He has supplied no "new evidence" of his innocence, as required by the Supreme Court. *See Schlup*, 513 U.S. at 324. Mr. Kumar has supplied no evidence that he is *factually* innocent of these crimes.

As to any remaining non-defaulted claims that Mr. Kumar now raises, there is no merit.[3]

## CONCLUSION

Mr. Kumar's claim has been procedurally defaulted or are otherwise meritless. The Court therefore DENIES the Motion to Vacate his conviction. ECF No. 36.

## RULING ON CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court finds that this case is not appropriate for issuing a certificate of appealability, because Mr. Kumar has failed to

---

[3] The issues Mr. Kumar raises based on the second indictment are appropriately brought in the District of Massachusetts in that case.

6

make a substantial showing of the denial of a constitutional right on any claim, as required by 28 U.S.C. § 2253(c)(2).

The Court advises Mr. Kumar that any motion to reconsider this ruling will not extend the time to file a notice of appeal here. *See* § 2255 Rule 11(a).

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

Date: February 23, 2022

AO 243 (Rev. 01/15)                                                                Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District _Rhode Island_ | |
|---|---|---|
| Name *(under which you were convicted):* MANISH KUMAR | Docket or Case No.: 1:20-CR-00089-JJM-PAS | |
| Place of Confinement: WYATT DETENTION CENTRE | Prisoner No.: 837630-53 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| | V.   MANISH KUMAR | |

**MOTION**

RECEIVED

NOV 29 2021

U.S. DISTRICT COURT
DISTRICT OF R.I.

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

District of Rhode Island

(b) Criminal docket or case number (if you know): 1:20-CR-00089-JJM-PAS

2.  (a) Date of the judgment of conviction (if you know): APRIL 1st 2021
    (b) Date of sentencing: APRIL 1st 2021

3.  Length of sentence: 24 Months and 1 day

4.  Nature of crime (all counts): 1 Count :- Conspiracy to commit wire fraud
2-5 Count :- Wire fraud (1343)
6-7 Count :- Aggravated Identity theft 1028A

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

Pleaded Guilty to all Counts.

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☐

18

AO 243 (Rev. 01/15)                                                                          Page 3

9.   If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised:




(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____
_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:




10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☑    No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _District of Rhode Island_

(2) Docket or case number (if you know): _1:20-CR-00089-JJM-PAS_

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _Confress hearing to Correct the Sentence._

(5) Grounds raised: _Sentencing Error during the sentencing on feburary 11 2021._

19

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☑   No ☐

(7) Result: _Sentence got reduced or rectified by the Judge._

(8) Date of result (if you know): _April 1st 2021_

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

20

AO 243 (Rev. 01/15)

GROUND ONE: _Prosecutorial MisConduct_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

MENTIONED IN "REASON 1, A, B, C, D, E and f, and G of the Additional Pages.

(b) **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

21

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):          _____

Date of the court's decision:          _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:** Inappropriate Enhancement regarding No Proof for "Substantial"

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please find "Reason-2" of Additional Pages.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

_____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

22

AO 243 (Rev. 01/15)

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐       No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _Inappropriat Enhancement regarding No Proof for 'Mass Marketing', 2B1.1(B)(2)(ii)_

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please find "Reason-3" of Additional Pages.

23

(b) **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐         No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐         No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐         No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐         No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐         No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

24

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: *Counsel Ineffectiveness Regarding Enhancement 3b1.3*

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Please find "Reason-4" of Additional Pages.*

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

_____

(b) At the arraignment and plea:

_____

Joan Dealey, and KENSLEY Barrett.

(c) At the trial:

_____

(d) At sentencing:

_____

KENSLEY BARRETT

(e) On appeal:

_____

(f) In any post-conviction proceeding:

_____

Melissa Larsson

(g) On appeal from any ruling against you in a post-conviction proceeding:

_____

_____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ✓          No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ✓

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

_____ *Vacate of his Sentence.* _____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ *November 11 2021* _____ .

(month, date, year)

Executed (signed) on _____ *November 11 2021* _____ (date)

_____ *Manish* _____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

29

**Reason 1** - **Prosecutorial misconduct**.

Prosecutor has indulged in multiple prosecutorial misconduct and conducted a strategy for prosecution otherwise it would not be permissible. Following are the reasons and time when prosecutorial activities and intention were beyond speculation of being prejudice to me. The Honorable Court should know and decide whatever prosecutor conducts are permitted in American judiciary and such practices followed by prosecutor were legitimate and legal. Allowing all these acts by the prosecutor towards me. Counsel was highly ineffective and acted completely ignorant to bring all these misconducts from the Government towards me to Court attention in order to get the truthful outcome of the case. Because of his lack of interest I did not get the right and truthful justice.

A) **Conflict of interest arise to represent two co-defendants in the same case.**

I believe there is only one reason for counsel not being effective and acting in such a form - conflict of interest. As Kensley Barrett was also negotiating a better plea offer for my other co-defendant (Himanshu Asri), I found this out in newly discovered evidence via his email communication with R.I federal prosecutor Milind Shah. It makes me believed that I was given the least priority from him. After finding the new evidence regarding him representing my co-defendant, I realize why he used to hung-up on me during my zoom session with him when I used to raise any concerns regarding my case and needed him to explain things. Now I found out the reason. I request the Court to please vacate my sentence on the basis of my attorney didn't represented me with full of my interest, in addition to his representation to the two co-defendants. This shows conflict of interest. My attorney was not true to his services by representing two co-defendants in same case.

B) **Allowed entrapment by the prosecutor.**

Cell phone was provided to my co-defendant (Sahil Narang) by prosecutor while he was incarcerated in D.W.Wyatt Detention Center in Rhode Island in 2019. He was asked by the prosecutor and federal agents to entrap me in any illegal activity so that he can receive a lesser sentence. Meeting Sahil Narang and providing him with cell phone in jail or during their meetings. Sahil Narang acknowledges my business that I was selling erectile dysfunction medicine (Viagra & Cialis) and I have consumer credit card details whoever placed orders

1

30

for medication with my company. Prosecutor has prior knowledge about the statue of law and all the legal aspects, still he advised Sahil to ask for credit card details of the consumer who placed orders with my company in the past. I provided these details out of friendship I did not ask for no money. By making me doing such act, prosecutor was making sure he can charge me under minimum mandatory statue of **1028A** which will build his case towards me stronger. Sahil did exactly what was instructed by prosecutor, which is the only way for him to get a downward departure for himself. Sahil texted me from jail and also made several phone calls to me during his meetings with agents and prosecutor (see case discovery). By such act with the primary goal - to make sure my conversation with him was recorded completely for prosecution. Providing cell phone while Sahil was incarcerated and texting me from jail to lure me or entrap me for the activity that I had never done and would have never done if it would not have been initiated by the prosecutor. Should this issue be brought up to the Court there would be only one conclusion - a pure entrapment initiated by the Prosecutor. Supporting such entrapment acts masterminded by Prosecutor. Counsel was ineffective not bringing such wrongdoing by the prosecutor in front of Court or he has no interest in fighting for my case. I request the court to please check Sahil Narag arrest date as he was held without bail in Wyatt detention center in this case. Court should make a determination how I was entrapped by the prosecutor from a person being in jail. Does law permits such act of entrapment initiated by the prosecutor.

**C) Hide potential charges from court by not indicting defendant.**
Prosecutor indulge in wrongdoing and acted as a prejudice during change of plea hearing in 11/5/2020 when he waived my indictment and did not inform the court or Judge about the potential charges or about other investigations. He hid his conversation with Massachusetts. D.A. (Kriss Bassil) and my counsel

2

regarding other charges or potential charges. R.I. Prosecutor hiding information from court and from me that Mass. D.A. was secretly planning to charge me and the charges are the occurrence of the current R.I. investigation. If I would had been informed about all this during my change of plea hearing on 11/5/2020, I would not have pleaded guilty. I was kept under mounting pressure from my lawyer and prosecutor during my whole pretrial detention and plea negotiation that I might be indicted and that's why it has taken so long for me to plea because they were trying to indict me. On the basis of prosecutor waiver of my indictment. I agreed to plea guilty and I was assured I will not any additional prosecution. In every other case I read scenario like me for which defendant might face other cases or other charges. Prosecutor always informed the court about what's going on and in future what will happen and give the choice to defendant to plea at that moment or not. In scenario like me Judge also inform the defendant about the future consequences of if pleading guilty now what can happen in future and allow the defendant to make a choice. By doing that court gives the opportunity to defendants to plea guilty or would they prefer to wait to see the new charges so that they can decide what is best for them. Now because of Mass. prosecutor's hideous act and prejudice have made me facing another indictment. This is all because I exercised my rights and wrote a letter to honorable judge to rectify my sentence which honorable judge agreed and made the proper changes in sentencing and my sentence got reduced. After R.I. D.A. Milind Shah conspired with Mass. D.A Kriss Basil and indicted me on new case this time in Boston, which should be barred under double jeopardy petite police, I am bringing this issue to court to show how much Milind Shah indulged into prosecutorial misconduct towards me and how further he went to make sure I stay in the prison for maximum period of time.

**D) Substantial threat to defendant by prosecutor.**

After my sentencing I was assigned lawyer Mellissa Larrson to apply for compassionate release, when I talked to her first day she told me I was sentenced for 44 months not 24 months which my previous attorney told me and lied to me. I told her about it's a sentencing error and after knowing this I wrote a letter to honorable judge. In my phone conversation with Mellissa told her that I have written a letter to prosecutor and honorable judge regarding the same issue. I requested her to talk to R.I. prosecutor about the sentencing

3

error. She talked to prosecutor and discussed about my sentencing. In the meantime I was shipped to Michigan B.O.P. While I was in Michigan B.O.P. Mellissa informed me she talked to Milind and she told me it was the consequence of not signing the plea deal, concluded by R.I. prosecutor to her, for which I believe the conversation between me and Mellissa was recorded, and she told me the R.I. prosecutor has told her to inform Kumar to keep quiet or else they would indict me again. This is the height of the prosecutor misconduct. Both R.I. and Mass. Prosecutor collaborated together to make sure I suffer the most by using all these 'lawful' tactics. By exercising my constitutional rights to deny cooperation and request rectifying my sentence, I believe they did this purposefully 'to teach me a lesson' being an immigrant do not deny anything government ask you to do or else face the consequences. I request court to please take proper action against these prosecutors for their wrongdoings.

**E) Prosecutor not true to his duties by not requesting downward departure.**

R.I. Prosecutor told my counsel Kensley Barrett that he would ask court for downward departure in return to my cooperation to government. My counsel inform me the same matter in letter. At sentencing neither prosecutor informed about my cooperation nor my counsel brought it to court and argue to go below minimum mandatory. By prosecutor not asking for downward departure shows prejudice towards me. And it also shows how ineffective my counsel was and not willing to bring such an important issue to get a less-than-minimum-mandatory sentence.

**F) Prosecutor and counsel acted as prejudice.**

Prosecutor act was out of prejudice for not providing me with 5k1. Instead providing 5k1 to other co-defendant (Himanshu Asri) wherein breath of my co-operation was longer than his co-operation. Prosecutor decided not to give me downward departure because of his hatred towards me and most likely my lawyer agreed with him, so that he can get 5k1 for himanshu asri. It makes me believe court and I were blinded by not bringing my co-operation to the honorable judge.

4

My lawyer avoided to argue in the court to get me a 5k1. So that he can ask the same 5k1 for (himanshu asri). Which shows he chose him over me and prosecutor being prejudice.

### G)   Prosecutor tactical gain over plea negotiation.

Prosecutor was purposefully during plea negotiation increasing the total intended loss and adding enhancement without any merit or any evidence. He was telling my counsel intended loos is more than $1500000. Without any evidence he was increasing the figure so that it would be harder for my lawyer to negotiate a better plea deal. I was offered 3-4 different plea offers. First he offered 21 months I accepted that plea, after my lawyer told him we can sign that deal. Later on he changed it to 24 months saying 21 months is too low.  I was not happy with that behavior still I agree to accept 24 months and after me agreed to sign the plea for 24months. He put additional condition when I agreed to sign 24 months. I decline the plea offer and went for open plea which prosecutor didn't like and I was told by my lawyer if I don't sign no agreement and waive of my rights to appeal they will indict me. I disagreed with their offer then prosecutor told us to wait for the indictment, after months prosecutor agreed for me to take an open plea and decided waiver of indictment. This act by prosecutor showed his intent to not give me a fair deal. My counsel was ineffective by not bringing all these issues and prosecutor tactics to not provide me benefits which all defendants get by pleading guilty.

### Reason 2 – Inappropriate Enhancement regarding no proof for 'substantial'.

In 2b1.1(B)(10)(B) says substantial part of the scheme happened outside U.S.A Regarding the word 'substantial' it should have been proved by the prosecutor. He should have provided evidence supporting this enhancement. Counsel was ineffective and didn't argue this enhancement brought by the prosecutor without no evidence. Counsel didn't bring this to the court attention. When I asked him to dispute enhancement in conversations with him before sentencing, he gave his opinion that the best to get a lenient sentence is to accept the guilt and don't say

5

34

anything if you dispute all the enhancement judge might think you are not fully accepting responsibility of your crime and he will not give you lower sentence. By statement like this I believed he showed no desire to bring the justice to the court and justice is not served because of his personal opinion of not disputing the enhancement which is incorrectly applied to me.

### Reason 3 – Inappropriate Enhancement regarding no proof for 'mass-marketing' 2b1.1(B)(2)(A)(ii).

My guideline was enhanced under 2b1.1(B)(2)(A)(ii) which mentioned I used mass-marketing means to commit my crime. As per the information I am charged with, there is no showing of my conduct In which I indulge in mass marketing and i was utilizing pop- up adds to solicit a large number of individuals through the internet. Counsel was ineffective to dispute this enhancement on lack of evidence ground. My role in the conspiracy was to take information from other people and sending the same information to my co-defendant Sahil. By doing such act my conduct don't involve no means of mass- marketing. Counsel was clearly not bringing the facts to the court which would help the court know the truth and helped me reducing my guideline. Also this enhancement was brought to the very end without any merit and evidence in my last final P.S.I as a tactics from the prosecutor to increase the guideline in front of the court in the end.

### Reason 4 – Counsel ineffectiveness regarding enhancement 3b1.3.

Counsel was ineffective to make an effective and proper argument about the enhancement 3b1.3 which says I abused my position by providing the credit card details to my co-defendant Sahil. If we look at the (**P.S.I point 30**) as it says (The medical supply company utilized to obtain credit card information was based in Singapore). I received the credit card information from other company, and transferred to Sahil. Also in evidence my recorded conversation with Sahil that he asked me specifically. Was this data belong to my company? I informed him it is from other people. If I am receiving a data from other people and sent it to Sahil by doing this act I didn't abused my position of the company. Statue of this enhancement says in plain language role has to be specific and apart from the person nobody else could commit such an act.

6

35

**Reason 5 – Counsel ineffectiveness regarding actual intended loss calculation.**

Counsel was ineffective by not mentioning the total actual intended loss as I requested him in my letter to him. As per evidence my actual intended loss should be $8500 and I asked him to dispute the loss. He did dispute in his email to P.S.I officer but did not bring the same at sentencing. Counsel did not pay no mind and ignored my several other request. I requested him to make to my P.S.I officer and at my sentencing to bring to court attention in order to get me a lenient sentence. For instance i requested him to ask court about my minimum role reduction as everyone in the conspiracy was charged with huge amount of total actual loss and my intended loss was only $27000. I should have received at least 3 or 4 points of reduction for my mitigating role in conspiracy under **U.S.C.S 3b1.2**. Counsel showed no desire and court and P.S.I officer didn't do no findings regarding my role in conspiracy. Counsel was ineffective to bring this in front of honorable judge.

**Reason 6 – Counsel ineffectiveness regarding no final PSI discussion before sentencing.**

I received my final version of P.S.I few days before my sentencing date and my counsel failed or had no intention to discuss with me as he was already getting annoyed by my disputes and my questions. He decided to ignore my calls until my sentencing. My counsel representing another co-defendant in this scenario I believe he had conflict of interest and he didn't assist me with his best of abilities. And didn't try hard to get me a downward departure.

**Reason 7 – Counsel ineffectiveness towards restitution amount dispute.**

Counsel was not willing to inform the court regarding the $5000 restitution imposed. As per the evidence $5000 went into federal agent personal bank account, and later on it was return to the victim mentioned in the evidence. When I checked my first P.S.I I requested counsel to please dispute the restitution mentioned in the P.S.I. he informed me that's not important as after sentencing you will be deported so don't worry about that. Again he ignored to bring the justice over his personal opinion not to dispute something that was wrong and it was wrongfully imposed because of lawyer ineffective assistance.

7

36

**Reason 8 – Counsel was not truthful.**

After my sentence counsel informed me that I have received 24 months of sentence and I have few more months to finish my sentence. When I realized and informed by another counsel Mellisa Larrson I was sentenced for 44 Months. I called him and asked my friend and family to email him. He didn't reply to no one never returned to my calls and letter till this date. He purposefully lied and kept me in dark so that I will not appeal my sentence within 14 days after my sentencing. Counsel was very much acted as a prejudice.

**Reason 9 - Court fail to make me present at my sentencing.**

I was not present on my final sentencing or last sentencing conference on April 1st 2021 when they corrected my sentence. Court made no efforts to make me available at my sentencing hearing. Which I feel I was prejudice and did not get the opportunity to speak on my final sentencing hearing. I believe I would have brought all my issues at my final sentencing it I would have included at my sentencing.

8

Milind

**Kensley Barrett, Esq.**

Partner at Marin & Barrett, Inc.

 4013806724          kb@marinbarrettlaw.com

127 Dorrance Street, Penthouse Suite,
Providence, RI 02903
www.marinbarrettlaw.com

**From:** Kensley Barrett <ken@krbarrettlaw.com>
**Sent:** Friday, September 11, 2020 1:28 PM
**To:** Shah, Milind (USARI) <MShah1@usa.doj.gov>
**Subject:** Kumar/Asri

Email secured by Check Point

Hi Milind,

I met with Mr. Kumar. I think we are close. What I mean is, I am respectfully requesting to see if your office would be agreeable to 20 months instead of 24 months. Reason being is that by the time he is deported back to India the process could take an additional 2-3 months. I hope this doesn't come across as being greedy (and we are thankful for the removal of the aggravated identity theft counts) but I thought it was a reasonable request.

*Himash Asri Lawyer also acts Conflict of Intrest*

Also, is the Asri plea agreement, contingent upon the plea agreement in the Kumar case?

--

Case 1:20-cr-00089-JJM-PAS   Document 69-1 Filed 12/09/21   Page 38 of 41 PageID #: 293

Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

Your Full Name / *Su Nombre Lleno*
Jason Cowden

ID#: 79376

Unit & Room #: PN2-23
*La unidad y Número del Cuarto*

THIS CORRESPONDENCE IS FORWARDED FROM THE PLYMOUTH COUNTY CORRECTIONAL FACILITY. THE CONTENTS MAY NOT HAVE BEEN EVALUATED AND THE PLYMOUTH COUNTY SHERIFF'S DEPARTMENT IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED MATERIAL.

United States District Court

Clerk's Office

One Exchange Terrace

Providence, RI 02903

39

```
MIME-Version:1.0
From:cmecf@rid.uscourts.gov
To:cmecfnef@rid.uscourts.gov
Bcc:
--Case Participants: Melissa Larsen (melissa@larsenlawri.com), Milind M Shah
(caseview.ecf@usdoj.gov, emma.caslowitz@usdoj.gov, jade.brennan@usdoj.gov,
lindsay.beltzer@usdoj.gov, milind.shah@usdoj.gov, tara.moniz@usdoj.gov,
usari-ecf@usdoj.gov), Chief Judge John J. McConnell, Jr. (aileen_sprague@rid.uscourts.gov,
jjmnef@rid.uscourts.gov, judge_mcconnell@rid.uscourts.gov), Magistrate Judge Patricia A.
Sullivan (mag_judge_sullivan@rid.uscourts.gov, pasnef@rid.uscourts.gov,
patrick_cunningham@rid.uscourts.gov)
--Non Case Participants: Andrea Edgar (andrea_edgar@rip.uscourts.gov)
--No Notice Sent:

Message-Id:1736387@rid.uscourts.gov
Subject:Activity in Case 1:20-cr-00089-JJM-PAS USA v. Kumar Order on Motion to Appoint
Counsel
```
Content−Type: text/html

## U.S. District Court

## District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 4/12/2022 at 2:53 PM EDT and filed on 4/12/2022

| | |
|---|---|
| **Case Name:** | USA v. Kumar |
| **Case Number:** | 1:20−cr−00089−JJM−PAS |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **TEXT ORDER denying [47] Motion to Appoint Counsel as to Manish Kumar (1): The defendants [47] Motion for an Appointment of New Counsel is DENIED. The Court hereby treats the Defendants Motion for Appointment of Counsel as a Notice of Appeal, and the Clerk is hereby directed to docket it as such. Any renewed request for an appointment of counsel should be directed to and filed with the First Circuit. So Ordered by Chief Judge John J. McConnell, Jr. on 4/12/2022.(Jackson, Ryan)**

**1:20−cr−00089−JJM−PAS−1 Notice has been electronically mailed to:**

Melissa Larsen &nbsp &nbsp melissa@larsenlawri.com

Milind M Shah &nbsp &nbsp milind.shah@usdoj.gov, CaseView.ECF@usdoj.gov, emma.caslowitz@usdoj.gov, Jade.Brennan@usdoj.gov, lindsay.beltzer@usdoj.gov, Tara.Moniz@usdoj.gov, usari−ecf@usdoj.gov

**1:20−cr−00089−JJM−PAS−1 Notice has been delivered by other means to:**

Manish Kumar(Terminated)
837630−53
Wyatt W. Detention Facility

950 High St
Central Falls, RI 02863

41